LAUGHLIN ET, PLAINTIFFS-APPELLANTS, *v.* COLUMBIA COUNTY BOARD OF EDUCATION AND SOUTHERN LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, DEFENDANTS-APPELLEES.

Ohio Appeals, Seventh District, Columbiana County.

No. 788. Decided November 9, 1959.

*Messrs. Riddle & Riddle,* for plaintiffs-appellants.
*Mr. G. William Brokaw,* prosecuting attorney, for defendants-appellees.

PHILLIPS, J. The trial judge sustained defendants' demurrer to and dismissed plaintiffs' amended and supplemental

petitions and entered judgment of dismissal of those pleadings, and by opinion stated plaintiffs should have filed a remonstrance to the action of the Columbiana County Board of Education.

The plaintiffs not desiring to plead further appealed to this court from that judgment on questions of law.

On October 31, 1957, a group of residents of the Yellow Creek Local School District, known as the Hillcrest Citizens Committee, filed with the Columbiana County Board of Education a petition, in accordance with the provisions of Section 3311.23, Revised Code, requesting the transfer of a portion of such district, known as the "Hillcrest" area in the Wellsville City School District.

A counter-petition was filed which, in effect, removed sufficient names from such original petition to reduce the number of signers to less than seventy-five percent, as required by Section 3311.23, Revised Code. Later, in December of 1957, a counter-counter-petition was filed which restored sufficient names to make the seventy-five percent signers as required by law.

Plaintiff claims the petition contained names representing 87% of those qualified to sign it, and that it requested the transfer of certain territory described therein, as comprising the attendance area of Fairview School, from Yellow Creek Local District to Wellsville City School District.

On December 17, 1957, the County Board of Education originally, by resolution, created the new Southern Local School District. This original resolution did not contain nor take in all of the then existing Wayne Local School District. No further action was taken by the County Board on such original resolution, such as advertising, etc., and on December 23, 1957, the County Board passed a new resolution creating the Southern Local School District, taking in all of the Yellow Creek, Wayne and Salineville District. This second resolution was advertised as required by Section 3311.27, Revised Code, and created a twelve year district as required by Section 3311.28, Revised Code.

On December 31, 1957, in case number 44106, a petition for a writ of mandamus was filed asking that the County Board be required to transfer the portion of Yellow Creek Local School

District, known as the Hillcrest area, into the Wellsville City School District. This matter was heard and a writ of mandamus was issued by the common pleas court, and subsequently the Hillcrest area portion of the Southern Local School District was transferred into the Wellsville City School District.

The Southern Local School District, as formed by the County Board of Education in December of 1957 has been operating as one of the school districts in Columbiana County since early in 1958.

Defendants claim no remonstrance was ever filed by anyone residing in such district against the action of the County Board of Education.

On June 20, 1958, the Columbiana County Board of Education filed a motion for new trial in case number 44106 (the mandamus action), which on August 26, 1958, was heard and overruled.

Plaintiffs claim that all of the qualified electors residing in the newly created district have been deprived of their right to remonstrate against the action of the board because the territory of the so-called Southern Local District was not then (the time it was formed) and is not now (the time of filing this petition) determined.

Plaintiffs claim that the County Board has been guilty of arbitrary, unlawful and unreasonable acts and have acted otherwise than in the exercise of a sound discretion in creating such district by pursuing a course of obstruction and unjustifiable delay in complying with the order of the court in case number 44106.

Plaintiffs further claim that petitions from Wayne Local School district containing 229% of the names required by law (Section 3311.261, Revised Code), and petitions from York Creek Local School District containing 711 names and over 179% of the names required by law (Section 3311.261, Revised Code), to effectuate mandatory transfers to Lisbon Exempted Village School district and Wellsville City School district respectively have been filed with the County Board and no action has been taken thereon.

Plaintiffs claim that if the so-called Southern Local School District is permitted to continue its existence plaintiffs and

those standing in privity with them will be irreparably damaged and they have no adequate remedy at law.

Plaintiffs pray that all resolutions and actions attempting to create and carry on such Southern Local District be vacated, set aside and held for naught, and pray for other and further relief to which they may be entitled.

Plaintiffs claim the trial judge committed error prejudicial to them in finding: —

"1. That the allegations of the petition and the amended and supplemental petitions did not support the legal conclusions that the Columbiana County Board of Education abused its discretion;

"2. That plaintiffs had an adequate remedy at law;

"3. That plaintiffs' petition and the amended and supplemental petition did not state a cause of action;

"4. And in therefore sustaining the defendants' demurrer and dismissing plaintiffs' amended and supplemental petition.

Plaintiffs contend that the question presented is whether the Columbiana County Board of Education could consolidate such school districts under the conditions alleged; and whether the people of Wayne Local School District, Salineville Local School District and Yellow Creek Local School District have an adequate remedy at law to stop the proposed merger. Plaintiffs further contend that the Columbiana County Board of Education was guilty of abuse of discretion, and that plaintiffs have no adequate remedy at law.

Considering the questions presented in the case we review we do not believe that the County Board of Education was guilty of any arbitrary nor unreasonable acts, as alleged in the respects charged. We find no evidence to warrant such a conclusion.

We believe the facts in the case we review are governed by the case of *County Board of Education of Hancock County* v. *Boehm et al.*, 102 Ohio St., 292, in the third syllabus of which the supreme court says:—

"Section 4736, General Code, vests in the county board of education the power to create a new school district from an existing district and a part of another existing district, and, in the absence of fraud, bad faith, or the taking of such arbi-

trary, whimsical and unreasonable action by the board as amounts to an abuse of discretion, the only limitation upon such power and discretion is the limitation contained in that section providing for a remonstrance by a majority of the qualified electors residing in the terrtory affected by such order.''

The constitutionality of Section 4736, General Code (now Section 3311.26, Revised Code), was upheld by the supreme court in *Kneale* v. *Jennings et al., Board of Education of Cuyahoga County*, 111 Ohio St., 637.

The holding of the trial judge that since no remonstrance was filed, or even claimed to have been filed, plaintiffs-appellants did have an adequate remedy at law but failed to use their remedy; that case number 44106, being the mandamus action, did not make it impossible for the citizens of the Southern Local School District to file a remonstrance; and that the Hillcrest area belonged to and was a part of the Yellow Creek Local School District until July 1, 1958, must be and is hereby affirmed.

Judgment affirmed.

GRIFFITH, P. J., DONAHUE, J., concur.